B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Bessie-Ann Rose Crum | DEFENDANTS<br>AFNI, Inc. and New Cingular Wireless Services PCS, LLC dba AT&T Wireless dba AT&T |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>James J. Manchee, Manchee & Manchee PC<br>12221 Merit Drive, Suite 950, Dallas, TX 75251 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

For actual and punitive damages, injunctive and declaratory relief, and legal fees and expenses filed by the Plaintiff for the Defendant's violation of the automatic stay and Chapter 7 discharge injunction.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 18,000.00 |

Other Relief Sought
Actual and punitive damages, injunctive and declaratory relief

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR Bessie-Ann Rose Crum | | BANKRUPTCY CASE NO. 09-38014 | |
| DISTRICT IN WHICH CASE IS PENDING Northern District of Texas | | DIVISION OFFICE Dallas Division | NAME OF JUDGE Stacey G. Jernigan |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ James J. Manchee | | | |
| DATE 04/19/2010 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) James J. Manchee | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

James J. Manchee
Manchee & Manchee, LLP
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | Case No. 09-38014-sgj-7 |
| James Gregory Crum § | Chapter 7 Bankruptcy |
| & Bessie Ann Rose Crum § | |
| Debtors § | |
| | |
| Bessie Ann Rose Crum § | |
| Plaintiff § | |
| vs. § | Adversary No. _____ |
| § | |
| AFNI, INC. and New Cingular Wireless § | |
| Services PCS, LLC dba AT&T Wireless § | |
| dba AT&T § | |
| Defendant § | |

## CORE ADVERSARY PROCEEDING COMPLAINT FOR
## CIVIL CONTEMPT AND DAMAGES AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Bessie Ann Rose Crum ("Ms. Crum" or "Plaintiff") and complains of AFNI, INC. and New Cingular Wireless Services PCS, LLC, dba AT&T, the Defendants and respectfully shows the following:

### I. INTRODUCTION

This is an action for actual damages, punitive damages, and legal fees and expenses filed by the Plaintiff for the Defendants' violation of the Automatic Stay.

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the claims in this Complaint for Contempt and Damages

COMPLAINT- Page 1 of 8

and for Injunctive and Declaratory relief pursuant to 28 U.S.C. § 1331, 1334 and 1337(a), 28 U.S.C. §§2201-2202. The Court has the authority to enter a final order regarding this contested matter because it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b) (2)(A), (E), (G), (I), (J) and (O). Pursuant to Sections 1408, 1409, and 1391(b) of Title 28 of the United States Code, venue is proper in this district/division.

## II. PARTIES

2. The Plaintiff is the debtor in this case.

3. Defendant AFNI, Inc. is a foreign business enterprise which may be served by serving its registered agent CT Corporation System. The Registered Agent may be served with process at its Registered Office located at 350 N. St. Paul St., Dallas, TX 75201.

4. Defendant New Cingular Wireless PCS, LLC is a foreign business enterprise which may be served by serving its registered agent CT Corporation System. The Registered Agent may be served with process at its Registered Office located at 350 N. St. Paul St., Dallas, TX 75201.

## III. FACTUAL ALLEGATIONS

5. On November 25, 2009, Ms. Crum commenced the above case by the filing of a voluntary petition under Chapter 7 pursuant to 11 U.S.C. § 301, and the Order for Relief was effective on the same day, pursuant to 11 U.S.C. § 301. The Debtors filed Schedules on or about the same date, which detailed the claim asserted by the Defendant. The claim was listed on Schedule "F", as a general unsecured claim.

6. The Defendant or AT&T (Formerly Bell South) asserted a pre-petition claim against Ms. Crum in an attempt to collect a debt allegedly owed by them.

7. On November 25, 2009, Ms. Crum filed a mailing matrix with this Court that provided the Defendants' correct address.

COMPLAINT- Page 2 of 8

8. On November 25, 2009, the Clerk of the Bankruptcy Court for the Northern District of Texas, mailed out the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" to all creditors, including the Defendant, and other parties based on the mailing matrix previously filed with this Court. This mailing constituted formal notice to the Defendants of the above Chapter 7 Bankruptcy. This notice warned all creditors, including the Defendant, in conspicuous language, against violating the automatic stay pursuant to 11 U.S.C. §362. The United States Postal Service did not return the notice sent to the Defendant. The notice was not returned. If the United States Postal Service has not returned the notice, there is a presumption that the Defendants received the notice mailed to it by the Clerk of the Bankruptcy Court.

9. At no time has the Defendants objected to or disputed the details of the claim in the November 25, 2009 schedules. At no time during the Chapter 7 case did Ms. Crum reaffirm the debt. At no time during the Chapter 7 case was the Defendants' pre-petition claim declared to be non-dischargeable. The Discharge order is attached herein as "Exhibit A" and is incorporated herein by reference.

10. Since the filing of the case, the Defendants engaged in debt collection activity against Ms. Crum by (1) assigning or accepting the account for collection and (2) sending out a demand for payment. A copy of the demand letter as late as January 23, 2010 is attached as Exhibit "B."

11. The Defendants knew and in fact had actual knowledge that Plaintiff was the debtor in a bankruptcy case, that an automatic stay was in effect during the bankruptcy and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided in 11 U.S.C. §362

12. Notwithstanding such knowledge, Defendants willfully sent out a demand for payment during the pendency of the case and after the automatic stay had taken effect.

COMPLAINT- Page 3 of 8

13. The Defendants were aware that its collection activities would and did damage Plaintiff and her ability to enjoy life and his fresh start guaranteed by the bankruptcy code.

## V. DAMAGES

14. 11 U.S.C. §362 and the lawful injunctions pursuant to 11 U.S.C. §105 requires that one injured by a willful violation of the order and injunction of the Bankruptcy Court be awarded actual damages. These damages include not only reimbursement for financial injury, but compensation for non-financial injury as well, and further may award punitive damages under the appropriate circumstances.

15. The conduct of the Defendants have substantially frustrated the automatic stay in this case and has cost Plaintiff unnecessary time, effort and expense in seeking to enforce it.

16. As of result of the actions and inaction of the Defendant, Plaintiff has been deprived of part of her fresh start, and cannot look forward to a clear field for future endeavors.

17. Damages should be awarded in this case not only to compensate for the losses or injury presumed and sustained by Plaintiffs, but also to coerce Defendants into compliance with the orders issued by this Bankruptcy Court and other bankruptcy courts in which Defendants may come into contact.

18. Neither cost-benefit analysis nor proportionality is allowed in determining any element of damages awarded, with the exception of punitive damages sought.

19. An award of damages to cover the value of any loss, any out-of pocket expenses or cost incurred, including the value of the personal time of Plaintiffs in having to deal with the conduct of actions of Defendant, and in having to participate in this adversary proceeding is required.

20. Damages for the emotional and psychological distress that the Defendants' violations of the Court's orders and injunctions caused the Plaintiff are recoverable, because actual damages

include non-financial harm to the Plaintiff as well as those of financial distress.

21. Plaintiff's emotional distress is significant in that it is not and was not fleeting, inconsequential or trivial from the Plaintiff's perspective. This is evident from the fact that the filing of the Chapter 7 bankruptcy was the Plaintiff's attempt to alleviate the otherwise insurmountable social and economic problems they faced, as well as preserve the dignity they held for themselves. A failing in the effectiveness of the bankruptcy that was promised to them returns the emotional distress that the Plaintiff's originally intended to halt.

22. This emotional distress is distinct from the anxiety and pressures inherent to filing a Chapter 7 bankruptcy in that the bankruptcy process was intended to take the pressure off of the Plaintiffs from having to deal with these very actions and conduct of Defendant, and therefore the actions and conduct of Defendants cannot be deemed inherent in the bankruptcy process.

23. Due to Defendants' conduct, Plaintiff was forced to hire counsel and her damages include reasonable attorney's fees incurred in prosecuting this claim.

24. Since Defendants continue to harass Plaintiff, the damages are ongoing in nature, Defendants is liable for any and all future harm suffered by Plaintiff as a result of Defendants' conduct.

## VI. GROUNDS FOR RELIEF

## VIOLATIONS OF THE AUTOMATIC STAY

25. Ms. Crum repeats, re-alleges, and incorporates by reference paragraphs 7 through 24. At all times material to this proceeding, the Defendants had actual knowledge of Ms. Crum's Chapter 7 bankruptcy filing and automatic stay.

26. Defendants failed to cease its debt collection activity when it became aware that the Plaintiff filed for bankruptcy protection by sending out a collection letter to the debtor.

27. The Defendants' aforesaid actions were willful acts and constitute efforts to collect a debt after

the automatic stay was in effect in violation the automatic stay and injunction of 11 U.S.C. §362. The Defendants' failure to comply with the aforesaid law, in light of notices from the court, illustrates its contempt for Federal law and the automatic stay.

28. The actions of the Defendants constitute a gross violation of the automatic stay in this case.

29. The facts and background stated above demonstrates that Defendants willfully violated the order and injunction of the Court as they concern the Chapter 7 bankruptcy filed by Ms. Crum. With this prima facie showing, the duty is on Defendants to show, as the only defense, a present inability to comply with the order and injunction of the Court that goes beyond a mere assertion of inability. Failing a showing of a present inability to comply with the order and injunction of the Court by Plaintiff, Bessie Ann Rose Crum must prevail and Defendants must be held liable for willfully violating the order and injunction of the Bankruptcy Court in regard to the bankruptcy filed by Ms. Crum. Any defense put forth by Defendants in this adversary proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and action of Defendant. Any allegation of a good faith exception should not be allowed.

30. Defendants failed to achieve substantial and diligent compliance of the automatic stay which applied to Defendant in Ms. Crum's Chapter 7 bankruptcy.

31. No exceptions exist under 11 U.S.C. §362 or other provisions of the United States Bankruptcy Code or other applicable law that allow for the conduct of Defendants in regard to the automatic stay, as stated above.

32. The order(s) and injunction(s) of the Bankruptcy Court cannot be waived, except by the virtue of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint. None of the aforementioned has been approved by the Court, and no waiver of the order(s) or

COMPLAINT- Page 6 of 8

injunction(s) of the Court has occurred in the above-entitled and numbered Chapter 7 bankruptcy as pertains to the rights and remedies of Defendant.

33. Also, there is no requirement of mitigation on the part of Ms. Crum and that is relevant to violations of the order and injunction of the Court. Any attempt to burden The Ms. Crum with policing the misconduct of Defendants would be a complete derogation of the law. It is well settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for shouldering the cost of compliance. Any such defense would constitute a collateral attack on the injunction and order of the Bankruptcy Court in this proceeding, which is prohibited. Any defense put forth by Defendants in this adversary proceeding can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and action of Defendant. No allegation of a mitigation as a defense should be allowed.

34. This Court has the power to hold the Defendants in contempt and issue sanctions by virtue of the Court's inherent authority to enforce its own orders, and the statutory authority set forth in 11 U.S.C. §105(a). Plaintiff request that the Court hold the Defendants in contempt to enforce and to protect the integrity of its automatic stay.

35. Plaintiff has been injured and damaged by the Defendants' actions and is entitled to recover judgment against the Defendants for actual damages in an amount not less than $6,000.00, and punitive damages in an amount not less than $12,000.00, plus an award of costs and reasonable attorneys fees, for violations of 11 U.S.C. §524, and pursuant to the Court's powers under 11 U.S.C. § 105.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ms. Crum, pray that the Court will:

A.    Find that the Defendants violated the provisions of the automatic stay;

COMPLAINT- Page 7 of 8

B.  Find that the violation of the automatic stay by the Defendants was "willful" as that term has been defined and intentional;

C.  Sanction and award against the Defendants all actual damages for all financial and non-financial harm or injury incurred by Ms. Crum, including attorneys' fees, costs and expenses.

D.  Find the Defendants in contempt for violating the automatic stay;

E.  Sanction and award to Ms. Crum damages necessary to coerce the Defendants into compliance with this Court's orders, as well as the orders of other bankruptcy courts in which the Defendants may come into contact;

F.  Grant such other and further relief, in equity or in law to which Ms. Crum may show herself justly entitled.

Respectfully submitted,

s/s James J. Manchee
James J. Manchee
State Bar Number 00792888
Manchee & Manchee, LLP
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFF